**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR178** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| **vs.** | ) | |
| | ) | |
| **MERWYN LEVERING,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255 (Filing No. 119) ("§ 2255 Motion") filed on behalf of the Defendant, Merwyn Levering.  Also before the Court is the Defendant's Motion for Release Pending Hearing on Defendant's Petition for Habeas Corpus (Filing No. 121).  The Defendant, who was sentenced under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(1), ("ACCA"), seeks relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).

## PROCEDURAL HISTORY

On August 13, 2004, following a jury trial, the Defendant was found guilty of Counts I and II of a two-count Superseding Indictment.  Count I charged the Defendant with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and § 924 (e)(1). Count II charged him with Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j). The Defendant was determined to be an Armed Career Criminal subject to a sentencing enhancement under 18 U.S.C. § 924(e).  Because he used a stolen firearm in connection with a crime of violence as defined in U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.2(a), his offense level was determined to be 34 under U.S.S.G. § 4B1.4(b)(3)(A).  He had 24 criminal history points, and his criminal history category was VI.  His sentencing guideline for both Count I and Count II was calculated at 262-327 months, however the

statutory maximum term for Count II was ten years. Due to his status as an Armed Career Criminal, the statutory range of imprisonment for Count I was 15 years to life.

On December 1, 2004, the Defendant was sentenced to a term of 262 months incarceration on Count I and 120 months on Count II, to run concurrently, and a term of five years supervised release on Count I and three years supervised release on Count II, also to run concurrently.

The Defendant filed a timely appeal of his conviction and sentence, and on December 12, 2005, the United States Court of Appeals for the Eighth Circuit affirmed the Defendant's convictions, but remanded for re-sentencing pursuant to the advisory nature of the Guidelines newly recognized by the Supreme Court in *Booker v. United States*, 543 U.S. 220 (2005). See *United States v. Levering*, 431 F.3d 289, 295-96 (8th Cir. 2005). On October 16, 2006, the Defendant was again sentenced to a term of 262 months incarceration on Count I and 120 months on Count II, to run concurrently, and a term of five years supervised release on Count I and three years supervised release on Count II, also to run concurrently.

The Defendant asserts he is entitled to immediate discharge from custody, because one of the crimes of violence on which this Court and the Court of Appeals relied when determining his status as an Armed Career Criminal was a 2000 Nebraska conviction for escape from official detention. He argues that his escape conviction is an offense falling within the residual clause of the ACCA, found by the Supreme Court to be unconstitutionally vague. He contends that he was wrongfully classified as an Armed Career Criminal, and the statutory maximum penalty for Count I was ten years, which he has already served.

The government acknowledges that its Information of Prior Convictions (Filing No. 21) listed five of the Defendant's prior felony convictions, three of which were relied upon by the government as qualifying felony offenses to establish his Armed Career Criminal enhancement. Those three offenses included a conviction for escape from official detention under Nebraska law. The government further concedes that the offense of escape is no longer a qualifying offense under the ACCA, in light of the Supreme Court's rulings in *Johnson* and *Welch*.

**ANALYSIS**

The Supreme Court stated in *Welch*:

> Because the ordinary maximum sentence for a felon in possession of a firearm is 10 years, while the minimum sentence under the Armed Career Criminal Act is 15 years, a person sentenced under the Act will receive a prison term at least five years longer than the law otherwise would allow.
>
> The Act defines "violent felony" as
>
> > "any crime punishable by imprisonment for a term exceeding one year . . . that—
> > "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > "(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B).
>
> Subsection (i) of this definition is known as the elements clause. The end of subsection (ii)—"or otherwise involves conduct that presents a serious potential risk of physical injury to another"—is known as the residual clause.

136 S. Ct. at 1261.

In *Johnson*, the Supreme Court held the residual clause of the ACCA to be unconstitutionally vague, and therefore void. In *Welch*, the Supreme Court held "that *Johnson* is retroactive in cases on collateral review[.]" 136 S. Ct. at 1268.

The Defendant is correct that both this Court and the Eighth Circuit Court made reference to his 2000 Nebraska conviction for escape from official detention when

enumerating his prior convictions for crimes of violence, relying on *United States v. Nation*, 243 F.3d 467, 472 (8th Cir. 2001) ("every escape, even a so-called 'walkaway' escape, involves a potential risk of injury to others . . . . Given this reality, we have no difficulty in concluding that escape qualifies as a crime of violence pursuant to U.S.S.G. § 4B1.2."), and *United States v. Abernathy*, 277 F.3d 1048, 1051 (8th Cir 2002) ("language of § 4B1.2(a)(2) is identical to the language of § 924(e)(2)(B)(ii), in that both define a 'crime of violence' and a 'violent felony' as a crime that, among other things, 'involves conduct that presents a serious potential risk of physical injury to another.'") See *Levering*, 431 F.3d at 294-95.

This Court now concludes that a conviction for escape from official detention under Nebraska law is an offense falling within the scope of the residual clause of the ACCA. Accordingly, the escape conviction cannot provide the basis for the Defendant's status as an Armed Career Criminal.

Accordingly,

IT IS ORDERED:

1.  The Defendant's Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255 (Filing No. 119) is granted in part as follows:

> Defendant's sentence is vacated; an expedited Order on Sentencing Schedule will be issued; the Defendant's re-sentencing is scheduled for June 13, 2016, at 10:00 a.m.;

the Motion is otherwise denied; and

2.  The Defendant's Motion for Release Pending Hearing on Defendant's Petition for Habeas Corpus (Filing No. 121) is denied.

DATED this 13th day of May, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge