## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR178** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **MERWYN LEVERING,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's Notice of Appeal (Filing No. 146), Notification of Appeal and NOA Supplement (Filing No. 150), Clerk's memorandum regarding in forma pauperis status (Filing No. 147), and the Court of Appeals' Order (Filing No. 157) remanding this matter for consideration of a certificate of appealability.

It is noted that a motion for a certificate of appealability was not filed. The Defendant appealed from an Amended Judgment (Filing No. 140) re-sentencing the Defendant to a lesser term of incarceration, following the partial grant of his motion for relief under 28 U.S.C. § 2255, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). See Memorandum and Order (Filing No. 127). This Court purported to authorize a direct appeal following re-sentencing in this case (see Filing No. 149). Because the matter was brought before this Court under 28 U.S.C. § 2255, however, this Court must consider whether a certificate of appealability should issued.  See 28 U.S.C. § 2253; *Teideman v. Benson*, 122 F.3d 518 (8th Cir. 1997).  The Clerk's *In Forma Pauperis* Memorandum (Filing No. 149) will be amended accordingly, and this Memorandum and Order will authorize the issuance of a certificate of appealability.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996,  Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c).  28 U.S.C.

§ 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> ....
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)).

This Court concludes that reasonable jurists could debate whether the Defendant's petition should have been resolved in a different manner.

## PROCEDURAL HISTORY

On August 13, 2004, following a jury trial, the Defendant was found guilty of Counts I and II of a two-count Superseding Indictment.  Count I charged the Defendant with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and § 924 (e)(1).  Count II charged him with Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j).  The Defendant was determined to be an Armed Career Criminal subject to a sentencing

2

enhancement under 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA"). Because he used a stolen firearm in connection with a crime of violence as defined in U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.2(a), his offense level was determined to be 34 under U.S.S.G. § 4B1.4(b)(3)(A). He had 24 criminal history points, and his criminal history category was VI. His sentencing guideline for both Count I and Count II was calculated at 262-327 months, however the statutory maximum term for Count II was ten years. Due to his status as an Armed Career Criminal, the statutory range of imprisonment for Count I was 15 years to life.

On December 1, 2004, the Defendant was sentenced to a term of 262 months incarceration on Count I and 120 months on Count II, to run concurrently, and a term of five years supervised release on Count I and three years supervised release on Count II, also to run concurrently.

The Defendant filed a timely appeal of his conviction and sentence, and on December 12, 2005, the United States Court of Appeals for the Eighth Circuit affirmed the Defendant's convictions, but remanded for re-sentencing pursuant to the advisory nature of the Guidelines newly recognized by the Supreme Court in *Booker v. United States*, 543 U.S. 220 (2005). See *United States v. Levering*, 431 F.3d 289, 295-96 (8th Cir. 2005). On October 16, 2006, the Defendant was again sentenced to a term of 262 months incarceration on Count I and 120 months on Count II, to run concurrently, and a term of five years supervised release on Count I and three years supervised release on Count II, also to run concurrently.

The Defendant filed his § 2255 action (Filing No. 119) and asserted that he was entitled to immediate discharge from custody (Filing No. 121), because one of the crimes

3

of violence on which this Court and the Court of Appeals relied when determining his status as an Armed Career Criminal was a 2000 Nebraska conviction for escape from official detention.  He argued that his conviction for escape was an offense falling within the residual clause of the ACCA, found by the Supreme Court to be unconstitutionally vague. He contended that he was wrongfully classified as an Armed Career Criminal, and the statutory maximum penalty for Count I was ten years, which he had served.

The government acknowledged that its Information of Prior Convictions (Filing No. 21) purported to list five of the Defendant's prior felony convictions, three of which were relied upon by the government as qualifying felony offenses to establish his Armed Career Criminal enhancement.  Those three offenses included a conviction for escape from official detention under Nebraska law.  The government further conceded that the offense of escape is no longer a qualifying offense under the ACCA, in light of the Supreme Court's rulings in *Johnson* and *Welch*.

Both this Court and the Eighth Circuit Court made reference to the Defendant's 2000 Nebraska conviction for escape from official detention when enumerating his prior convictions for crimes of violence, relying on *United States v. Nation*, 243 F.3d 467, 472 (8th Cir. 2001) ("every escape, even a so-called 'walkaway' escape, involves a potential risk of injury to others . . . . Given this reality, we have no difficulty in concluding that escape qualifies as a crime of violence pursuant to U.S.S.G. § 4B1.2."), and *United States v. Abernathy*, 277 F.3d 1048, 1051 (8th Cir 2002) ("language of § 4B1.2(a)(2) is identical to the language of § 924(e)(2)(B)(ii), in that both define a 'crime of violence' and a 'violent felony' as a crime that, among other things, 'involves conduct that presents a serious potential risk of physical injury to another.'") See *Levering*, 431 F.3d at 294-95.

4

Applying *Johnson* and *Welch*, this Court concluded that the Defendant's conviction for escape from official detention under Nebraska law was an offense falling within the scope of the residual clause of the ACCA and could not provide the basis for the Defendant's status as an Armed Career Criminal. (See Memorandum and Order at Filing No. 127). Accordingly, this Court granted the Defendant's Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255 (Filing No. 119) in part, vacated Defendant's sentence, issued an expedited Order on Sentencing Schedule, and scheduled the Defendant's sentencing for June 13, 2016. The Court denied the Defendant's motion for release.

At resentencing, the Court determined that the Defendant remained an Armed Career Criminal, because the Defendant had other qualifying predicate crimes of violence grouped within the Government's Information of Prior Convictions, and the applicable sentencing guidelines remained unchanged. Nonetheless, the Court sentenced the Defendant to a lesser term of incarceration, due to his belated acceptance of responsibility for his criminal conduct, his expression of remorse, and the efforts he had made toward plans for a law-abiding future when he was anticipating immediate release.

## CONCLUSION

It is conceivable that reasonable jurists could debate whether the government's Information of Prior Convictions (Filing No. 21) was so defective as to give rise to a due process violation; whether the Defendant's prior convictions for assault while participating in a felony (Presentence Investigation Report, Filing No. 76, at ¶¶ 49-51) were separate qualifying predicate offenses under the ACCA; and/or whether this Court's resentencing of the Defendant was substantively unreasonable.

5

Accordingly,

IT IS ORDERED:

A certificate of appealability will be issued and the Defendant will be permitted to

proceed in forma pauperis in his appeal of the partial denial of his 28 U.S.C. § 2255

action.

DATED this 15th day of September, 2016.

                                        BY THE COURT:


                                        s/Laurie Smith Camp
                                        Chief U.S. District Judge